UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSE WAYNE REID, JR.,

    Plaintiff,

v.                                          Case No:   2:15-cv-616-FtM-99MRM

RAY MABUS, SAM ERHART, NCIS,
FNU POPELLA, ELIZABETH
FISHBACK, BOB CASEY, JIM BROWN,
BOOZ ALLEN HAMILTON, FEDERAL
BUREAU OF INVESTIGATION, SEAN
LANGFORD, JAMES COMEY,
TIMOTHY PIVNICHNY, PAT TOOMEY,
JIM BRENNAN, CENTRAL
INTELLIGENCE AGENCY, CAPITOL
POLICE, FNU BLASEY and FNU BELL,

    Defendants.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        On October 5, 2015, Plaintiff Jesse Wayne Reid, Jr. filed a Complaint for Writ of Mandamus (Doc. 1).   Mr. Reid signed the Complaint and included the following address: Hamilton Brown, 600 Grant, US Steel Tower, Suite 660, Pittsburgh, PA 15219.   Along with the Complaint, Mr. Reid filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. 2).

        On November 18, 2015, the Court entered an Order (Doc. 5) that denied without prejudice Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. 2 at 3).   The Court was unable to determine from this filing whether Plaintiff was indigent.   The Court required Plaintiff to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

As explained in its prior Order (Doc. 5), pursuant to 28 U.S.C. § 1915, when a plaintiff is requesting to proceed *in forma pauperis* a court is obligated to review the Complaint.  Section 1915 requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B). A petition is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  *Pro se* complaints should be held to a less stringent standard than pleadings drafted by attorneys.  *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1]

In its prior Order (Doc. 5), the Court undertook a review of Plaintiff's Complaint. Pursuant to Fed. R. Civ. P. 8, a pleading must contain,

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3).  The facts alleged in Plaintiff's Complaint for Writ of Mandamus (Doc. 1) are difficult to follow.  It appears that Plaintiff has completed some type of form complaint and alleged that he is preparing 60,000 of these letters or lawsuits.  Plaintiff complains it seems that the Navy Sea Systems Command in Washington DC was sending a wireless signal via satellite in real time to harass Plaintiff electronically.  Plaintiff claims that this technology was used to stop Plaintiff from filing suits against the federal government.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Plaintiff does not allege any contacts with the State of Florida or with the Middle District of Florida, Fort Myers Division.

The Court cautioned Plaintiff that these allegations do not amount to a claim cognizable in federal court, nor do they assert how this Court has jurisdiction over the Defendants or the claims in this case.   The Court required Plaintiff to file an Amended Complaint that contained a short, plain statement of the court's jurisdiction as well as a short, plain statement of his claim showing that he is entitled to relief.   Further, the Court required that Plaintiff state what rights under the Constitution, laws, or treaties of the United States have been violated, or allege how this Court has jurisdiction over this matter.   Plaintiff was also required to set forth a statement of facts for each claimed violation.   The Court clarified that Plaintiff must file an amended complaint and must clearly describe how each of the named defendants are involved in the alleged claims, and Plaintiff must provide support in the statement of facts for the claimed violations.   The Court cautioned Plaintiff that more than conclusory and vague allegations are required to state a cause of action.

The Court allowed Plaintiff twenty-one (21) days from the date of the Order to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).   Within this same time period, the Court required Plaintiff to file an Amended Complaint that complied with the Order.   The Court cautioned Plaintiff that if he failed to comply with the order, the Court would recommend that this action be dismissed.   (Doc. 5 at 4).   Plaintiff failed to comply with the Order by failing to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) and by failing to file an Amended Complaint.   Further, upon review of the docket, documents mailed to Plaintiff (including the prior Order) were returned as undeliverable to the Clerk's Office on November 30, 2015.   It appears that Plaintiff

has failed to provide the Court with an accurate address.

The Court concludes that Plaintiff has failed to prosecute this case. Pursuant to Local Rule 3.10, "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." M.D. Fla. R. 3.10. The Court cautioned Plaintiff in its Order (Doc. 5) that if Plaintiff failed to comply with the Order, the Court would recommend that this action be dismissed   The Court is unable to send an Order to Show Cause because Plaintiff failed to provide a correct address, and all mail sent by the Court has been returned. Plaintiff has failed to comply with an Order of the Court and failed to apprise the Court of his proper address. Therefore, the Court finds that Plaintiff has failed to prosecute this action. Further, the Complaint fails to set forth federal jurisdiction in this matter and fails to state a claim upon which relief can be granted.

**IT IS RESPECTFULLY RECOMMEDED:**

This action be dismissed for failure to prosecute.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 21, 2015.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.